UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAWANA JEAN COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00438 ERW |
| ) | |
| APARTMENT INVESTMENT AND ) | |
| MANAGEMENT COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the court on the Motion of Defendant AIMCO to Dismiss Complaint [doc. #5].

**I. BACKGROUND**

Tawana Jean Cooper ("Plaintiff") signed a one year lease agreement with the Apartment Investment and Management Company ("Defendant") running from August 1, 2001 to July 31, 2002. She remained in the rented apartment until she was evicted on April 1, 2004.[1] On August 13, 2003, Defendant brought an action for rent and possession against Plaintiff in state court.[2] The state court found in favor of Plaintiff. Defendant subsequently filed an unlawful detainer action against Plaintiff.[3] In the unlawful detainer suit, the state court found in favor of Defendant and awarded it possession of the premises and $3,680 in rent on March 11, 2004; however, the

---

[1] It is not clear from the record whether Plaintiff continued to sign yearly leases, or if she became a month-to-month tenant after July 31, 2002.

[2] Defendant's action for rent and possession was filed in the Missouri Circuit Court Twenty-Second Judicial Circuit (St. Louis City). *See* Case No. 030-10355.

[3] Defendant's unlawful detainer action was filed in the Missouri Circuit Court Twenty-Second Judicial Circuit (St. Louis City). *See* Case No. 040-1159.

state court's judgment incorrectly referenced the elements of a rent and possession suit instead of an unlawful detainer suit. Plaintiff appealed,[4] and the Missouri Court of Appeals affirmed the judgment in favor of Defendant. On April 1, 2004, Plaintiff was evicted pursuant to the state court judgment that awarded possession to Defendant.

On September 1, 2005, Plaintiff filed a complaint in this Court alleging that Defendant intentionally and negligently inflicted emotional distress by "wrongfully and unlawfully" evicting her based on a "void" judgment.[5] The Court found that Plaintiff's Complaint invited this Court to review and reject a state court judgment, which is barred under the *Rooker-Feldman* doctrine. As a result, the complaint was dismissed under 28 U.S.C. 1915(e)(2)(B) as frivolous, or for failing to state a claim upon which relief may be granted.

Plaintiff then filed a similar personal injury claim in state court on February 16, 2006.[6] She again alleged injury based on Defendant's "unlawful and wrongful" eviction pursuant to a "void" judgment. The state trial court granted Defendant's motion for summary judgment, declaring that there was no genuine dispute of material fact as the final judgment awarding Defendant possession conclusively established that Defendant had a legal right to evict Plaintiff. The trial court acknowledged that the judgment was based on the elements of a rent and possession action, not an unlawful detainer action.

---

[4] Plaintiff appealed this judgment to the Missouri Court of Appeals, Eastern District. *See* Case No. ED84328.

[5] This action was filed in the United States District Court for the Eastern District of Missouri. *See* Case No. 4:05CV01403 ERW.

[6] This personal injury suit was filed in the Missouri Circuit Court Twenty-Second Judicial Circuit (St. Louis City). *See* Case No. 22062-00333.

Plaintiff appealed the state court's grant of summary judgment on her claims.[7] In their Order, the Missouri Court of Appeals declared that it did not matter whether or not the judgment in favor of Defendant specifically stated that Plaintiff was unlawfully detained. The judgment was a finding that Plaintiff was not in lawful possession, and possession was awarded to Defendant. Plaintiff did not follow the proper procedure to obtain relief from that final judgment, and she could not collaterally attack the judgment in her personal injury complaint. Since the eviction was based on a final judgment, affirmed on appeal, Plaintiff could not assert "wrongful and unlawful" eviction as the basis of her tort claim.

Following these unsuccessful lawsuits, Plaintiff filed this action on April 1, 2008, alleging intentional and negligent infliction of emotional distress stemming from Defendant's "unlawful and wrongful" eviction based on a "void" judgment. She seeks compensatory damages of five million dollars and punitive damages of forty-five million dollars. On May 6, 2008, Defendant responded by filing a Motion to Dismiss, which is now pending before this Court.

## II.    LEGAL STANDARD

Defendant asserts that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as legally frivolous or for failing to state a claim upon which relief may be granted. However, Defendant is challenging the Court's subject matter jurisdiction,[8] an issue which is properly decided in the context of a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject

---

[7] Plaintiff's appeal was considered by the Missouri Court of Appeals, Eastern District. *See* Case No. ED89687.

[8] The Court notes that the applicability of the *Rooker-Feldman* doctrine is a threshold jurisdictional issue, and therefore should be analyzed in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (explaining that cases inviting federal district courts to review and reject state court judgments fall within the *Rooker-Feldman* doctrine and are "properly dismissed for want of subject matter jurisdiction").

3

matter jurisdiction. *Brown v. United States*, 151 F.3d 800, 803-04 (8th Cir. 1998). As a result, the Court must "vie[w] the motion as a 12(b)(1) motion for dismissal for want of subject matter jurisdiction." *Id.* at 804. When a court's subject matter jurisdiction is challenged, at issue is that court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). As a result, the Court must satisfy itself that it has jurisdiction over the subject matter of the case before it may reach the merits of the complaint. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

For an action to be dismissed "under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Consequently, a court faced with a Fed. R. Civ. P. 12(b)(1) motion to dismiss must determine whether the motion is brought as a facial or factual attack to the complaint. A court considering a facial attack "restricts itself to the face of the pleadings." *Osborn*, 918 F.2d at 729 n.6. Alternately, in a factual attack, a court "considers matters outside the pleadings," including testimony and affidavits. *Osborn*, 918 F.2d at 729 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A court considering a factual attack "inquires into and resolves factual disputes." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

The application of the *Rooker-Feldman* doctrine requires that the Court consider the prior state court judgment and the other legal proceedings related to Plaintiff's eviction. Even though the Court will consider this evidence, the pending Motion still only presents a facial attack on subject matter jurisdiction. This is because a court considering a facial attack may look to the materials "necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (2003). In her Complaint, Plaintiff states that Defendant's "unlawful and wrongful" eviction was based on a "void" judgment. As a result, this

4

previous legal proceeding is "embraced by the pleadings." *Id.* Since the Court is considering no evidence outside of the matters embraced by the pleadings and exhibits, the nature of the attack on subject matter jurisdiction is facial and not factual. Additionally, it is clear that this is a facial attack because the Court is not "inquir[ing] into and resolv[ing] factual disputes" as the material facts necessary to determine the applicability of the *Rooker-Feldman* doctrine are not in dispute. *Faibisch*, 304 F.3d at 801; *see also Tolliver v. Liberty Mit. Fire Ins. Co.*, 506 F. Supp. 2d 260, 264 (S.D. Ohio 2007) (analyzing 12(b)(1) motion based on the *Rooker-Feldman* doctrine as a facial attack).

In a facial attack, a court must "accept all of the factual allegations in [the] complaint as true and ask whether, in these circumstances" subject matter jurisdiction exists. *Deuser v. Vecera*, 139 F.3d 1190, 1191 (8th Cir. 1998) (quoting *Berkovitz v. United States*, 486 U.S. 531, 540 (1988)). Because the Court presumes that the factual allegations in Plaintiff's complaint are true, the Court will only dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle Plaintiff to relief. *Osborn*, 918 F.2d at 729 n.6 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. DISCUSSION

Plaintiff seeks damages for both the intentional and negligent infliction of emotional distress based on her claim that Defendant "wrongfully and unlawfully" evicted her pursuant to a "void" state court judgment. Since this Court is barred from reviewing a state court's judgment under the *Rooker-Feldman* doctrine, the Court must grant Defendant's pending Motion to Dismiss.

Federal district courts "exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Only the Supreme Court has jurisdiction to consider the appeal of a state court judgment. 28 U.S.C. § 1257. "If a state trial court errs the

judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal citations omitted). Where a losing party in a state court action files a complaint in federal district court alleging injuries caused by an earlier state court judgment, and asks that the "district court review and rejec[t]" the judgment, the *Rooker-Feldman* doctrine requires that the case be dismissed for lack of subject matter jurisdiction. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

In determining when the *Rooker-Feldman* doctrine applies, courts have distinguished between claims "alleging injuries caused by a state court judgment" and those claims "alleging a prior injury that a state court failed to remedy." *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (quoting *Exxon Mobil Corp.*, 544 U.S. at 291). If a plaintiff would have no injury if the state court had not entered the judgment it did, then that plaintiff's federal claim is barred under *Rooker-Feldman*. *Skit Int'l, Ltd.*, 487 F.3d at 1157. "[E]ven if the state court judgment [is] erroneous" a plaintiff may not seek to have the federal court declare it void, as the judgment is "open to reversal or modification in an appropriate and timely appellate proceeding." *Id.* (quoting *Rooker*, 263 U.S. at 415).

Here, Plaintiff was the losing party in a state court proceeding that resulted in a final judgment awarding possession and rent to Defendant. This judgment was entered before the current federal proceeding commenced. Plaintiff wants this Court to declare the state court judgment void, and she wants the Court to then find that because Defendant's eviction was based on a void judgment, it was unlawful and wrongful, and Defendant is liable for her emotional

6

distress. Doing so would require that this Court review and reject the state court's judgment, which is barred under *Rooker-Feldman*.

Plaintiff argues that *Rooker-Feldman* does not apply because this complaint is not against the state court but is directly against Defendant for "the unlawful and wrongful eviction committed." However, it makes no difference in the Court's analysis that Plaintiff's complaint is not directly against the state court. Many of the cases that have been barred under the *Rooker-Feldman* doctrine were not claims filed directly against state courts. *See, e.g.*, *Exxon Mobil Corp.*, 544 U.S. 280; *Gisslen v. City of Crystal, Minn.*, 345 F.3d 624 (8th Cir. 2003).

Plaintiff also asserts that the prior state court judgment gave Defendant permission to evict her but did not legally oblige Defendant to do so, making this a separate and original complaint without the state court judgment serving as the underlying controversy. However, as Plaintiff has acknowledged, Defendant evicted her pursuant to a state court judgment that was affirmed on appeal. This Court cannot determine that the eviction was unlawful or wrongful without examining the merits of the state court's judgment.

Plaintiff would have no need for relief if the state court had not awarded Defendant possession, which allowed Defendant to evict Plaintiff. As a result, Plaintiff's Complaint alleges an injury caused by a state court judgment. This Court lacks subject matter jurisdiction to hear such a claim, even if the state court's judgment was erroneous. *See Skit Int'l, Ltd.*, 487 F.3d at 1157 ; *Rooker*, 263 U.S. at 415. "*Rooker-Feldman* bars jurisdiction if a federal claim would succeed only 'to the extent that the state court wrongly decided the issues before it.'" *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). This Court cannot declare the state court's judgment void because it is

7

barred from doing so under the *Rooker-Feldman* doctrine. Plaintiff had the opportunity to litigate her claims in state court. She cannot do so again here.

## IV.     CONCLUSION

Plaintiff's Complaint asks that the Court review and reject a state court judgment. This is barred under the *Rooker-Feldman* doctrine, and Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant AIMCO to Dismiss Complaint [doc. #5] is **GRANTED**. Plaintiff's claims are dismissed **with prejudice.**

Dated this 3rd Day of October, 2008.

                                                                                                  *E. Richard Webber*
                                                                                              E. RICHARD WEBBER
                                                                                              UNITED STATES DISTRICT JUDGE